THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Plaintiff
ANNUITY & LIFE REASSURANCE
AMERICA, INC. (formerly known as
CAPITOL BANKERS LIFE INSURANCE COMPANY)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANNUITY & LIFE REASSURANCE AMERICA, INC. (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY), <br><br> Plaintiff, <br><br> vs. <br><br> JON C. HUGDAHL, an individual and TRUSTEE of the JON S. HUGDAHL FAMILY TRUST, dated 12/19/94; PAUL A. HUGDAHL, an individual; and MARRY C. HUGDAHL, an individual, <br><br> Defendants. | Case No. C 07 5502 <br><br> **COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF** |

COMES NOW, plaintiff ANNUITY & LIFE REASSURANCE AMERICA, INC., (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY) (hereinafter referred to as "Annuity & Life Re"), by its attorneys of record, the law firm of Kelly, Herlihy & Klein, LLP, and hereby submits its Complaint for Interpleader and Declaratory Relief a follows:

## JURISDICTION AND VENUE

1. This interpleader action is brought pursuant to 28 U.S.C. § 1335, the Federal Interpleader Act. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1335 for the reasons set forth below. At all times mentioned herein, Annuity & Life Re was, and is now, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business in Windsor, Connecticut. Annuity & Life Re is authorized to conduct business throughout the State of California as a life insurer, and conducts business as an insurer in the Northern District of California.

2. Annuity & Life Re is informed and believes, and on that basis states, that defendant Jon C. Hugdahl is, and at all times mentioned in this complaint was, a resident of the state of Wisconsin. Jon C. Hugdahl is also the trustee of the Jon S. Hugdahl Family Trust, dated 12/19/94.

3. Annuity & Life Re is informed and believes, and on that basis states, that defendant Paul A. Hugdahl is, and at all times mentioned in this complaint was, a resident of the state of Wisconsin.

4. Annuity & Life Re is informed and believes, and on that basis states, that defendant Marry C. Hugdahl is, and at all times mentioned in this complaint was, a resident of Santa Clara County, California.

5. The amount in controversy exceeds $500.00 since the life insurance policy has an uncontested face amount of $100,000.00, plus interest on the unpaid balance of the policy face amount of $ 1,369.86, which Annuity & Life Re admits to be due and owing under the life insurance policy by reason of the death of Jon S. Hugdahl.

6.      Annuity & Life Re is informed and believes, and on that basis states, that this action is brought in the judicial district in which one or more of the claimants reside.

### FIRST CAUSE OF ACTION

7.      On or about December 3, 1982, Annuity & Life Re issued life insurance policy number 1016113 to Jon S. Hugdahl, insuring him in the amount of $50,000.00 (the "Policy"). By virtue of the Guaranteed Purchase Option Endorsement under the Policy, the face amount of the policy is now $100,000.00. When the Policy was issued, Jon C. Hugdahl and Paul A. Hugdahl were the designated beneficiaries, "share and share alike, children of the insured."

8.      Annuity & Life Re is informed and believes, and on that basis states, that Jon S. Hugdahl ("the decedent") died on June 24, 2007, as the result of acute renal failure and methicillin resistant staphylococcal aureus sepsis. At the time of his death, the decedent was a resident of Sunnyvale, California.

9.      Annuity & Life Re is informed and believes, and on that basis states, that on or about December 19, 1994, the decedent executed a trust entitled: "The Jon S. Hugdahl Family Trust, dated 12/19/94". Annuity & Life Re is further informed and believes that Jon C. Hugdahl was named the Trustee of said Trust.

10.      On or about January 26, 1995, the decedent requested that the primary beneficiary designation of the Policy be changed to "my Living Trust."

11.      On January 31, 1995, Annuity & Life Re sent to the decedent a letter confirming that the primary beneficiary designation had been changed as requested to: "Jon S. Hugdahl Family Trust, dated December 19, 1994".

12.      By reason of decedent's death, life insurance proceeds under the Policy are now due and owing. Annuity & Life Re is, and at all times mentioned in this complaint has been ready, willing, and able to pay the life insurance proceeds under the Policy to the person(s) or entity legally entitled thereto. However, by reason of actual and potential conflicting claims to these payments, Annuity & Life Re does not know and cannot determine the person(s) or entity legally entitled to the payments.

13. Defendants have made conflicting demands on Annuity & Life Re as follows:

(a) Defendants Jon C. Hugdahl and Paul A. Hugdahl claim all of the Policy proceeds on behalf of themselves and the Trust, pursuant to the change of beneficiary designation; and

(b) Defendant Marry C. Hugdahl claims that she is entitled to all of the Policy proceeds pursuant to a revised Trust she claims was prepared by the decedent prior to his death.

14. Annuity & Life Re is unable to determine the validity of the conflicting demands made by defendants and cannot determine to whom the Policy proceeds belong.

15. Annuity & Life Re files this complaint in good faith and without any collusion with any of the parties hereto. Annuity & Life Re has no interest in the Policy proceeds, or any part thereof, and is a mere stakeholder of those proceeds. Concurrent with the filing of this complaint, Annuity & Life Re has deposited with the Clerk of the Court, there to remain until the outcome of this action, the sum of $ 101,369.86, representing the Policy face amount of $100,000.00, plus interest of $1,369.86, which sum Annuity & Life Re admits to be due and owing under the Policy by reason of the decedent's death.

16. Annuity & Life Re has been called upon to retain the services of attorneys in California for the purpose of protecting its interests arising out of the defendants' conflicting claims, and Annuity & Life Re will be called upon to pay those attorneys for the services that they render in that regard. Annuity & Life Re also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorneys' fees, costs and disbursements are and should be a legal charge upon the proceeds of the Policy and should be repaid to Annuity & Life Re out of the funds that it concurrently has deposited with the Clerk of the Court.

WHEREFORE, Annuity & Life Re prays for judgment as follows:

1. That this Court decree that the complaint is properly filed and that this is a proper cause of interpleader;

2. That defendants each be compelled to interplead or settle between themselves their respective rights or claims to the proceeds due and payable under the Policy by reason of the death of Jon S. Hugdahl;

3. That defendants by Order and Injunction of this Court be restrained from instituting any action against Annuity & Life Re for a recovery of the Policy proceeds payable by reason of the decedent's death;

4. That having deposited the proceeds of the Policy with the Clerk of the Court, Annuity & Life Re, and its past, present and future parents, subsidiaries, affiliates, assignees, agents, producers, employees, officers, directors, attorneys and insurers be discharged from any further liability to defendants, and each of them;

5. That Annuity & Life Re be awarded its costs of suit incurred herein, including its reasonable attorneys' fees, to be paid out of the funds that Annuity & Life Re has deposited with the Clerk of the Court; and

6. For such other and further relief as the Court may deem proper.

KELLY, HERLIHY & KLEIN LLP

Dated: October 26, 2007     By _____
John C. Ferry
Attorneys for Plaintiff
ANNUITY & LIFE REASSURANCE AMERICA, INC.,
(formerly known as CAPITOL BANKERS
LIFE INSURANCE COMPANY)

E:\27232\P01

-4-
COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
CASE NO. CGC05-446073