THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Plaintiff
ANNUITY & LIFE REASSURANCE
AMERICA, INC. (formerly known as
CAPITOL BANKERS LIFE INSURANCE COMPANY)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANNUITY & LIFE REASSURANCE AMERICA, INC. (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY),<br><br>Plaintiff,<br><br>vs.<br><br>JON C. HUGDAHL, an individual and TRUSTEE of the JON S. HUGDAHL FAMILY TRUST, dated 12/19/94; PAUL A. HUGDAHL, an individual; and MARRY C. HUGDAHL, an individual,<br><br>Defendants. | Case No.: C 07-5502 PVT<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT FOR PLAINTIFF ANNUITY & LIFE REASSURANCE AMERICA, INC.**<br><br>Date: February 20, 2008<br>Time: 2:00 p.m.<br>Courtroom: 5 |

Plaintiff Annuity & Life Reassurance America, Inc. ("Annuity & Life Re") hereby submits its Case Management Conference Statement in the above-captioned interpleader action.

As a preliminary matter, Annuity & Life Re apologizes to the Court for the lateness of the Case Management Conference Statement. Annuity & Life Re has acted in a good faith belief that Defendants Jon C. Hugdahl ("Mr. J. Hugdahl") and Marry C. Hugdahl ("Mrs. M. Hugdahl") were nearing a settlement among themselves over the proper distribution of the insurance proceeds at issue in this matter. Concurrently, counsel for Mrs. M. Hugdahl represented that she would be willing to dismiss Annuity & Life Re from this action because its obligations had already been fulfilled. Annuity & Life Re has made every effort over the past few weeks to contact Mr. J. Hugdahl's counsel, but to no avail.

### 1.   JURISDICTION AND SERVICE

The interpleader action was brought pursuant to 28 U.S.C. § 1335, the Federal Interpleader Act. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1335 because: 1) the amount in controversy exceeds $500; 2) Defendants Jon C. Hugdahl and Paul A. Hugdahl are residents of Wisconsin, and Defendant Marry C. Hugdal is a resident of California, thus establish diversity of citizenship; and 3) Annuity & Life Re has deposited the amount in controversy in an interest-bearing account.

Defendants Jon C. Hugdahl and Marry C. Hugdahl have been served summons and complaint. Annuity & Life Re has not yet served Defendant Paul A. Hugdahl and does not know whether he has retained counsel in this matter.

### 2.   FACTS

On or about December 3, 1982, Annuity & Life Re issued life insurance policy number 1016113 to Jon S. Hugdahl ("Decedent"). Initially, Defendants Jon C. Hugdahl and Paul A. Hugdahl were named as beneficiaries. On or about January 26, 1995, Decedent requested that the primary beneficiary of the policy be changed to "my Living Trust." Annuity & Life Re confirmed by letter this change of beneficiary on January 31, 1995, and stated that the new

beneficiary was "Jon S. Hugdahl Family Trust, dated December 19, 1994." Decedent died on June 24, 2007, thus necessitating payment by Annuity & Life Re of the life insurance proceeds.

However, Defendants Jon C. Hugdal as an individual and as trustee of the Jon S. Hugdahl Family Trust, Paul A. Hugdahl, and Marry C. Hugdahl are currently in dispute over who is the proper beneficiary of the life insurance proceeds. Because of these actual and potential conflicting claims, Annuity & Life Re does not know and cannot determine the person(s) or entity legally entitled to the payments.

On October 26, 2007, Annuity & Life Re filed notice with the Court that the amount in controversy had been placed in an interest-bearing account. Because Annuity & Life Re has no monetary interest in the outcome of the dispute between the Defendants, and it has satisfied its interpleader requirements, it has requested to be dismissed from this action. On January 11, 2008, Annuity & Life Re sent a letter requesting that Mr. J. Hugdahl and Mrs. M. Hugdah stipulate to dismiss it from any further proceedings in this matter. Included with the letter was a proposed Stipulated Judgment in Interpleader and also a proposed Stipulation and Order for Entry of Judgment in Interpleader and Dismissal of Annuity & Life Re With Prejudice.

On January 25, 2008, Annuity & Life Re received a letter on which it was copied from Defendant Marry C. Hugdahl's counsel to Jon C. Hugdahl's counsel which appeared to indicate that she and Mr. Hugdahl were in settlement negotiations and were nearing agreement. *See* January 25, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 1**. In a follow-up letter to Annuity & Life Re, Ms. Rajan again made statements that indicated that the two parties had either reached or were close to reaching an agreement. *See* January 25, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 2**.

Consequently, Annuity & Life Re's counsel, John C. Ferry, made several attempts to reach Mr. J. Hugdahl's counsel over the next several days, but to no avail. After receiving no response from Mr. J. Hugdahl's counsel, Annuity & Life Re sent him a letter on February 1, 2008. *See* February 1, 2008, letter from John C. Ferry, Esq. attached herewith as **Exhibit 3**. In that letter, Mr. Ferry asked Mr. J. Hugdahl's attorney for information necessary to include in a Stipulated Judgment in Interpleader in order for the Court to distribute the policy proceeds. Mr.

Ferry's understanding, which came from Ms. Rajan's January 25th letter, was that the parties had reached a settlement.

Subsequently, Ms. Rajan sent another letter to Mr. Ferry in which she denied that the parties had reached a settlement agreement, but that she "was trying [her] best to expedite the matter." *See* February 4, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 4**.

### 3. LEGAL ISSUES

The dispute in this matter is between and among the Defendants. Annuity & Life Re has no monetary interest in the outcome of the dispute. Therefore, the legal issues applicable in this matter are best discussed by Defendants.

### 4. MOTIONS

The dispute in this matter is between and among the Defendants. Annuity & Life Re has no monetary interest in the outcome of the dispute. If Defendants refuse to sign a Stipulated Judgment in Interpleader, Annuity & Life Re will be forced to file a Motion for Judgment in Interpleader.

### 5. AMENDMENT OF PLEADINGS

Annuity & Life Re does not anticipate amending its Complaint for Interpleader and Decalaratory Relief.

### 6. EVIDENCE PRESERVATION

All evidence in Annuity & Life Re's possession has been preserved.

### 7. DISCLOSURES

Annuity & Life Re has complied with the requirements of Federal Rule of Civil Procedure 26.

/ / /

## 8. DISCOVERY

Because the dispute is between and among the Defendants, and Annuity & Life Re has already met its interpleader and FRCP 26 obligations, it does not anticipate needing any discovery at this point. Annuity & Life Re reserves its right to conduct any necessary discovery should Defendants refuse to dismiss it from this matter and/or fail to reach a settlement agreement.

## 9. CLASS ACTION

Not applicable.

## 10. RELATED CASES

None.

## 11. RELIEF

Because the dispute is between and among Defendants, Annuity & Life Re seeks a decree that its Complaint for Interpleader and Declaratory Relief is properly filed and that this is a proper cause of interpleader. It seeks an order compelling Defendants to interplead or settle among themselves the proper distribution of the life insurance proceeds. It also seeks to be discharged from any further liability to Defendants, and an injunction preventing any Defendant from instituting any action against it for recovery of the policy proceeds.

## 12. SETTLEMENT AND ADR

Because the dispute is between and among Defendants, Annuity & Life Re has not engaged in any settlement or ADR talks with either party.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PROCEEDINGS

Annuity & Life Re does not so consent.

### 14. OTHER REFERENCES

Not applicable at this time.

### 15. NARROWING OF ISSUES

Annuity & Life Re is not aware of any narrowing of issues that is possible at this time.

### 16. EXPEDITED SCHEDULE

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re lacks information sufficient to determine whether this matter is appropriate for an expedited schedule.

### 17. SCHEDULING

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re expects to be dismissed from this matter shortly. For this reason, it believes that scheduling matters are best decided by Defendants. However, Annuity & Life Re does request a scheduling order that allows sufficient time to file a Motion for Judgment in Interpleader if necessary.

### 18. TRIAL

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re expects to be dismissed from this matte shortly. It does not expect that it will be required to participate should this case proceed to trial. For this reason, it believes that a trial date is best determined by Defendants. However, Annuity & Life Re does request a scheduling order that allows sufficient time to file a Motion for Judgment in Interpleader if necessary.

///

///

///

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

To the best of its knowledge, Annuity & Life Re knows of no non-party interested entities or persons.

KELLY, HERLIHY & KLEIN LLP

Dated:  February 14, 2008                By _____
Thomas M. Herlihy
Attorneys for Plaintiff ANNUITY & LIFE REASSURANCE AMERICA, INC., (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY)

E:\27232\P07

**EXHIBIT 1**

**RAJI RAJAN**
**ATTORNEY AT LAW**
**355 WEST OLIVE AVENUE, SUITE 101**
**SUNNYVALE, CA 94086**

**Telephone: 408-730-9492**
**Fax:         408-739-9687**

January 25, 2008          **Faxing total of 3 pages including this page**

David L. Samuelson, Esq.            Your phone: 408-294-1111
897 Independence Avenue, Suite 2D   Your fax:   650-649-2382
Mountain View, CA 94043

Ref: Insured Jon Hugdahl,    Policy Number : 1016113,    Correspondence Number: 07910719

Dear Mr. Samuelson:

    This is to confirm that I got a telephone response from you, to my telephone call to you about the items in the storage. You informed that you would provide a written letter about the items, and the items would be picked up on the January 12th week end, but we never got any letter from you and the items were not picked up as of today. We had already informed you that the storage cost is 140.00/month, and it is the responsibility of your clients to pay from December 2007.

    We had already provided you the expenses and the documentation for the funeral and last illness of the decedent, which has to be paid from the insurance proceeds.

    The insurance policy was commenced on December 1982 and it became payable on the date of death of the insured in June 2007. The total time of the policy is for 24 and ½ years. The insured married Marry Hugdahl on June 1996, and the community time is for 11 years. The proceeds will be divided according to the separate and community interests of the insured.

| | | |
|---|---|---|
| a. | The funeral and last illness expenses: | $12,165.40 |
| b. | The storage costs for 3 months: $140 x3: | $   420.00 |
| | | **$12,585.40** |

The total insurance proceeds: $101,370.00.
The insurance proceeds to be divided after deducting funeral expenses: $101,370.00-
                      $12,585.00:**$88,785.00**

c.  The community share of the proceeds: $88,785.00 x 11 years

$$\frac{}{24.5 \text{ yrs.}} : \$39,862.65$$

**So the total amount to Marry Hugdahl:$12585.00 +$39863.00:$52,448.00**

My client wants to complete the entire case without delay. Please respond at your earliest convenience for any questions on the calculation. A copy of the letter to attorney Chris Ferry is attached herewith.

Sincerely,

Raji Rajan

Copy:client

**EXHIBIT 2**

# RAJI RAJAN
## ATTORNEY AT LAW
### 355 WEST OLIVE AVENUE, SUITE 101
### SUNNYVALE, CA 94086

Telephone: 408-730-9492
Fax:          408-739-9687

January 25, 2008.   Faxing total of one page

Chris Ferry, Esq..                                  Your Phone.: 415-951-0535
Kelly, Herlihy and Klein                        Your Fax:      415-391-7808
44 Montgomery Street, Suite 2500
San Francisco, CA 94101-4602

Ref: Insured Jon Hugdahl, Policy Number : 1016113, Correspondence Number: 07910719

Dear Mr. Ferry:

I had provided to attorney Samuelson, a detailed letter with the calculation of the division of the proceeds. The funeral and last illness expenses of the decedent has to be paid first, along with the storage fees of the items for the sons of the decedent. The balance of the proceeds is divided considering the 11 years of community time and about 14 years of separate period of the decedent.

Accordingly the amount of **$52,448.00** has to be given to Ms Marry Hugdahl and the balance can be given to the sons.

My client wants to resolve the issue as quickly as possible. Your cooperation is greatly appreciated to complete the entire case.   If it is agreeable, please send us the stipulation to disburse the amount

Sincerely,

Raji Rajan

Copy: client, attorney Samuelson

**EXHIBIT 3**

# KELLY, HERLIHY & KLEIN LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET
SUITE 2500
SAN FRANCISCO, CALIFORNIA 94104-4602

NORTHERN CALIFORNIA

TELEPHONE (415) 951-0535
FACSIMILE (415) 391-7808
WWW.KELHER.COM

SOUTHERN CALIFORNIA

11500 OLYMPIC BLVD., SUITE 400
LOS ANGELES, CA 90064-1528
TELEPHONE (310) 312-4535
FACSIMILE (310) 312-4551

February 1, 2008

David L. Samuelson, Esq.
897 Independence Avenue
Suite 1C
Mountain View, CA 94043

Re: *In Re Hugdahl*
Our File No. 27232

Dear Mr. Samuelson:

I have been trying to reach you for some days now, but I do not have a fax number nor an email address for you, hence this letter.

As you presumably know, I received a letter from Ms. Rajan stating that you have reached a settlement and wish to have its terms incorporated into the Stipulated Judgment in Interpleader. I left you a detailed voice message requesting confirmation of the settlement and the following information which must be included in the stipulation in order for the court to disburse the funds:

1. The specific amount each recipient will receive;
2. How each check is to be made payable and the mailing address for each check;
3. Tax ID numbers for all recipients; and
4. Specific instructions on how the interest that has accumulated since the funds were deposited with the Court are to be disbursed.

With this information we can prepare the final documents for your review. By copy of this letter to Mr. Rajan, I am requesting that she provide the above information for her clients as well.

Sincerely,

KELLY, HERLIHY & KLEIN LLP

By _____
John C. Ferry

cc   Raji Rajan, Esq.
JCF/zk

E:\27232\L05

**EXHIBIT 4**

# RAJI RAJAN
## ATTORNEY AT LAW
### 355 WEST OLIVE AVENUE, SUITE 101
### SUNNYVALE, CA 94086

Telephone: 408-730-9492
Fax:          408-739-9687

February 4, 2008.

Faxing total of 3 pages including this page

Chris Ferry, Esq..                              Your Phone.: 415-951-0535
Kelly, Herlihy and Klein                        Your Fax:    415-391-7808
44 Montgomery Street, Suite 2500
San Francisco, CA 94101-4602

Ref: Insured Jon Hugdahl, Policy Number : 1016113, Correspondence Number: 07910719

Dear Mr. Ferry:                                 Sincerely,

                                                Raji Rajan

    Received today February 4, 2008, the copy of your letter dated February 1, 2008, to attorney Samuelson. In your letter, you mentioned about a settlement.

    No settlement was reached by the parties yet. A proposal was made by Ms. Hugdahl to the opposing side to resolve all the issues including the division of the insurance proceeds and the items in the storage etc.

    We are still waiting to get a response from the opposing side for all the issues. A copy of the letter dated January 25, 2008, to attorney Samuelson is also attached herewith.

    We are trying our best to expedite the matter. Thank you for your cooperation.

Copy: client, attorney Samuelson