THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Plaintiff
ANNUITY & LIFE REASSURANCE
AMERICA, INC. (formerly known as
CAPITOL BANKERS LIFE INSURANCE COMPANY)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANNUITY & LIFE REASSURANCE AMERICA, INC. (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY),<br><br>Plaintiff,<br><br>vs.<br><br>JON C. HUGDAHL, an individual and TRUSTEE of the JON S. HUGDAHL FAMILY TRUST, dated 12/19/94; PAUL A. HUGDAHL, an individual; and MARRY C. HUGDAHL, an individual,<br><br>Defendants. | Case No.: C 07-5502 PVT<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT FOR PLAINTIFF ANNUITY & LIFE REASSURANCE AMERICA, INC.**<br><br>Date: March 28, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3 |

---

PLAINTIFF'S CASE MANAGEMENT STATEMENT
CASE NO. C 07-5502 PVT

Plaintiff Annuity & Life Reassurance America, Inc. ("Annuity & Life Re") hereby submits its Case Management Conference Statement in the above-captioned interpleader action. Annuity & Life Re files its own Case Management Conference Statement because it has been unable to reach Defendant Jon C. Hugdahl's counsel, and Defendant Marry Hugdahl's counsel has already indicated her preference for filing a separate statement.

### 1.     JURISDICTION AND SERVICE

The interpleader action was brought pursuant to 28 U.S.C. § 1335, the Federal Interpleader Act. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1335 because: 1) the amount in controversy exceeds $500; 2) Defendants Jon C. Hugdahl and Paul A. Hugdahl are residents of Wisconsin, and Defendant Marry C. Hugdal is a resident of California, thus establish diversity of citizenship; and 3) Annuity & Life Re has deposited the amount in controversy in an interest-bearing account.

Defendants Jon C. Hugdahl and Marry C. Hugdahl have been served summons and complaint. Annuity & Life Re has not yet served Defendant Paul A. Hugdahl and does not know whether he has retained counsel in this matter. Defendant Jon C. Hugdahl was served summons and complaint on November 15, 2007, but has not yet appeared in this action or filed a responsive pleading. Therefore, Annuity & Life Re is entitled to take Mr. J. Hugdahl's default.

### 2.     FACTS

On or about December 3, 1982, Annuity & Life Re issued life insurance policy number 1016113 to Jon S. Hugdahl ("Decedent"). Initially, Defendants Jon C. Hugdahl and Paul A. Hugdahl were named as beneficiaries. On or about January 26, 1995, Decedent requested that the primary beneficiary of the policy be changed to "my Living Trust." Annuity & Life Re confirmed by letter this change of beneficiary on January 31, 1995, and stated that the new beneficiary was "Jon S. Hugdahl Family Trust, dated December 19, 1994." Decedent died on June 24, 2007, thus necessitating payment by Annuity & Life Re of the life insurance proceeds.

However, Defendants Jon C. Hugdal as an individual and as trustee of the Jon S. Hugdahl Family Trust, Paul A. Hugdahl, and Marry C. Hugdahl are currently in dispute over who is the proper beneficiary of the life insurance proceeds. Because of these actual and potential conflicting claims, Annuity & Life Re does not know and cannot determine the person(s) or entity legally entitled to the payments.

On October 26, 2007, Annuity & Life Re filed notice with the Court that the amount in controversy had been placed in an interest-bearing account. Because Annuity & Life Re has no monetary interest in the outcome of the dispute between the Defendants, and it has satisfied its interpleader requirements, it has requested to be dismissed from this action. On January 11, 2008, Annuity & Life Re sent a letter requesting that Mr. J. Hugdahl and Mrs. M. Hugdah stipulate to dismiss it from any further proceedings in this matter. Included with the letter was a proposed Stipulated Judgment in Interpleader and also a proposed Stipulation and Order for Entry of Judgment in Interpleader and Dismissal of Annuity & Life Re With Prejudice.

On January 25, 2008, Annuity & Life Re received a letter on which it was copied from Defendant Marry C. Hugdahl's counsel to Jon C. Hugdahl's counsel which appeared to indicate that she and Mr. Hugdahl were in settlement negotiations and were nearing agreement. *See* January 25, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 1**. In a follow-up letter to Annuity & Life Re, Ms. Rajan again made statements that indicated that the two parties had either reached or were close to reaching an agreement. *See* January 25, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 2**.

Consequently, Annuity & Life Re's counsel, John C. Ferry, made several attempts to reach Mr. J. Hugdahl's counsel over the next several days, but to no avail. After receiving no response from Mr. J. Hugdahl's counsel, Annuity & Life Re sent him a letter on February 1, 2008. *See* February 1, 2008, letter from John C. Ferry, Esq. attached herewith as **Exhibit 3**. In that letter, Mr. Ferry asked Mr. J. Hugdahl's attorney for information necessary to include in a Stipulated Judgment in Interpleader in order for the Court to distribute the policy proceeds. Mr. Ferry's understanding, which came from Ms. Rajan's January 25th letter, was that the parties had reached a settlement.

Subsequently, Ms. Rajan sent another letter to Mr. Ferry in which she denied that the parties had reached a settlement agreement, but that she "was trying [her] best to expedite the matter." *See* February 4, 2008, letter from Raji Rajan, Esq. attached herewith as **Exhibit 4**.

On February 29, 2008, Annuity & Life Re's counsel again attempted to reach Mr. J. Hugdahl's counsel. In a voicemail, counsel reiterated its request for Mr. J. Hugdahl to stipulate to Annuity & Life Re's dismissal. In response, Mr. J. Hugdahl's counsel sent a letter indicating that he intended to obtain his client's agreement to dismiss Annuity & Life Re by March 7, 2008. Annuity & Life Re's counsel left another voicemail with Mr. J. Hugdahl's counsel on March 6 to determine the status of the dismissal, but has not received a response.

### 3.   LEGAL ISSUES

The dispute in this matter is between and among the Defendants. Annuity & Life Re has no monetary interest in the outcome of the dispute. Therefore, the legal issues applicable in this matter are best discussed by Defendants.

### 4.   MOTIONS

The dispute in this matter is between and among the Defendants. Annuity & Life Re has no monetary interest in the outcome of the dispute. If Defendants refuse to sign a Stipulated Judgment in Interpleader, Annuity & Life Re will be forced to file a Motion for Judgment in Interpleader.

### 5.   AMENDMENT OF PLEADINGS

Annuity & Life Re does not anticipate amending its Complaint for Interpleader and Decalaratory Relief.

### 6.   EVIDENCE PRESERVATION

All evidence in Annuity & Life Re's possession has been preserved.

### 7. DISCLOSURES

Annuity & Life Re has complied with the requirements of Federal Rule of Civil Procedure 26.

### 8. DISCOVERY

Because the dispute is between and among the Defendants, and Annuity & Life Re has already met its interpleader and FRCP 26 obligations, it does not anticipate needing any discovery at this point. Annuity & Life Re reserves its right to conduct any necessary discovery should Defendants refuse to dismiss it from this matter and/or fail to reach a settlement agreement.

### 9. CLASS ACTION

Not applicable.

### 10. RELATED CASES

None.

### 11. RELIEF

Because the dispute is between and among Defendants, Annuity & Life Re seeks a decree that its Complaint for Interpleader and Declaratory Relief is properly filed and that this is a proper cause of interpleader. It seeks an order compelling Defendants to interplead or settle among themselves the proper distribution of the life insurance proceeds. It also seeks to be discharged from any further liability to Defendants, and an injunction preventing any Defendant from instituting any action against it for recovery of the policy proceeds.

### 12. SETTLEMENT AND ADR

Because the dispute is between and among Defendants, Annuity & Life Re has not engaged in any settlement or ADR talks with either party.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PROCEEDINGS

Annuity & Life Re does not so consent.

### 14. OTHER REFERENCES

Not applicable at this time.

### 15. NARROWING OF ISSUES

Annuity & Life Re is not aware of any narrowing of issues that is possible at this time.

### 16. EXPEDITED SCHEDULE

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re lacks information sufficient to determine whether this matter is appropriate for an expedited schedule.

### 17. SCHEDULING

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re expects to be dismissed from this matter shortly. For this reason, it believes that scheduling matters are best decided by Defendants. However, Annuity & Life Re does request a scheduling order that allows sufficient time to file a Motion for Judgment in Interpleader if necessary.

### 18. TRIAL

Because the dispute is between and among Defendants, and because it has met its interpleader obligations, Annuity & Life Re expects to be dismissed from this matte shortly. It does not expect that it will be required to participate should this case proceed to trial. For this reason, it believes that a trial date is best determined by Defendants. However, Annuity & Life Re does request a scheduling order that allows sufficient time to file a Motion for Judgment in Interpleader if necessary.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

To the best of its knowledge, Annuity & Life Re knows of no non-party interested entities or persons.

KELLY, HERLIHY & KLEIN LLP

Dated: March 7, 2008

By _____
Thomas M. Herlihy
Attorneys for Plaintiff ANNUITY & LIFE
REASSURANCE AMERICA, INC., (formerly
known as CAPITOL BANKERS LIFE
INSURANCE COMPANY)

E:\27232\P07