RAJI RAJAN, ESQ., CSB#139834
LAW OFFICES OF RAJI RAJAN
355 WEST OLIVE AVENUE, SUITE 101
SUNNYVALE, CA 94086
Telephone: 408-730-9492
Fax:              408-739-9687

Attorney for Marry C. Hugdahl

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ANNUITY & LIFE REASSURANCE AMERICA INC. (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY),<br><br>  Plaintiff,<br>  vs.<br><br>JON C. HUGDAHL, an individual and TRUSTEE of the JON S. HUGDAHL FAMILY TRUST, dated 12/19/94;<br>PAUL A. HUGDAHL, an individual; and MARRY C. HUGDAHL an individual,<br><br>  Defendants. | CASE NO.: C 07 5502<br><br>CASE MANAGEMENT CONFERENCE STATEMENT<br>DATE: 03/28/08<br>TIME:10.30.00am<br>DEPT.5, 4TH FLOOR |

## STATEMENT OF FACTS

The decedent JON S. HUGDAHL was the trustee of the JON S. HUGDAHL FAMILY TRUST, dated 12/19/94. The decedent started the life insurance policy in December 1982, and continued to pay the premiums till his death. The yearly premium for the year 2007 was $612.75 as per the information from the insurance company personnel. Mr. Hugdahl

Case Management Conference Statement, CASE NO.: C 07 5502          Page 1 of 4

made the last payment of $103.58 on November 27, 2006.

The decedent was married to MARRY HUGDAHL on June 1996 and he passed away on June 2007. The marital duration was for 11 years.

The decedent changed his beneficiaries from his sons to his Trust for the insurance proceeds. After the marriage to Marry Hugdahl, the parties prepared a new Trust, in the year 1997, naming Mr. and Mrs. Hugdahl as the trustees, but due to illness of the decedent, the new Trust did not get not executed.

## LEGAL ISSUES TO BE RESOLVED

1. Marry Hugdahl kept the items in the storage for the benefit of the sons. The sons have to take possession of the items or the items must be disposed.

2. The last illness and funeral expenses of the insured must be paid.

3. The balance of the entire insurance proceeds must be paid to the widow of the deceased.

Marry Hugdahl had informed the sons about the items in the storage numerous times and she shad been incurring storage rent. The monthly rent is $140.00.
According to the terms of the Trust, the last illness and funeral expenses of the insured must be paid from the insurance proceeds.

Marry Hugdahl tried her best to resolve all the issues. She encountered problems even from the insurance company to get all the necessary documents. The first letter was sent to the insurance company on October 30, 2007 to get some basic information about the policy. The copy of the letter is attached herewith as **Exhibit A.**

1. **STORAGE ISSUE**:

Marry Hugdahl tried to resolve the issue about the storage, but did not get any reply from the opposing side yet. Copy of the letter dated December 4, 2007, is attached herewith as **Exhibit B**. No response was received from the opposing side on that issue. Marry Hugdahl incurred **$700.00** for the 5 months from November 2007 till March 2008. In the month of February, she received on check payable to the storage company, for the amount of $140.00.

2. **EXPENSES FOR THE LAST ILLNESS AND FUNERAL**:

Copies of all the documents related to the expenses were mailed to the opposing side on December 7, 2007. The copy of the cover letter is attached herewith as **Exhibit C.** The copies of the documents related to the expenses can be provided to court also if needed. No response was received from the opposing side on that issue. The total amount for that expenses is **$12,165.40.**

3. **DIVISION OF THE BALANCE OF THE PROCEEDS:**

The insurance policy was taken on December 1982 and became payable in June 2007, with the duration of 24.5 years. The decedent changed the beneficiary of the insurance policy on January 31, 1995, from the sons to the Revocable Trust dated December 19, 1994. The decedent married Ms. Hugdahl in June 1996, and was married to Ms. Hugdahl till his death in 2007, with the marital duration of 11 years. They had a good married life. According to Ms. Hugdahl, there was minimum communication from the sons of the decedent during his life time. The declaration of Marry Hugdahl is attached herewith as **Exhibit D**.

The decedent prepared a new Trust, with making himself and Marry Hugdahl as the Trustees, but due to illness of the decedent, they overlooked to execute the new Trust. The first two pages of that Trust is attached herewith as **Exhibit E.** The decedent had the intention to give all his property to his widow, and so, the full insurance proceeds must be awarded to her. Also, as per the insurance company, there is a request to take a default against the sons. If the court feels that the amount must be divided, considering the community and separate property interests of the parties, the community property interest is 11/24.5 of the proceeds.

## PRAYER TO THE COURT

1. Marry Hugdahl incurred $700.00 for the storage from November 1, 2007 till end of March 2008. It is hereby requested for the court order for the payment of **$700.00** and to dispose the items in the storage by the end of March 2008.

2. Marry Hugdahl incurred the amount of $12,165.40 for the last illness. It is hereby requested for the payment of **$12,165.40** from the insurance proceeds.

3. The balance of the entire amount from the insurance proceeds $101,370.00- 12,165.00:**$89,205.00**, must be awarded to Marry Hugdahl

4. The community property interest is: $89,205.00x 11: **$40,051.00**
   $$\overline{24.5}$$

5. What ever the court deems proper as to the attorney fees due to non cooperation and delay from the opposing side.

Dated: March 17, 2008

                                              Raji Rajan
                                              Attorney for Marry Hugdahl

**RAJI RAJAN**
**ATTORNEY AT LAW**
**355 WEST OLIVE AVENUE, SUITE 101**
**SUNNYVALE, CA 94086**

**Telephone: 408-730-9492**
**Fax:      408-739-9687**

Faxing total of one page including this page.
October 30, 2007

ANNUITY &LIFE RE                          Your phone: 800-825-0030
P.O. BOX 1600, JACKSONVILLE, IL 62651     Your fax:   803-333-7842

Ref: Insured Jon Hugdahl
   Policy Number : 1016113
   Correspondence Number: 07910719

Dear Sir/Madam:

   This office represents Mary Hugdahl, the wife of the insured Jon Hugdahl. I got a copy of your letter dated August 28, 2007. It seems that an agreement has to be reached between the parties to resolve the claim on the insurance proceeds. Ms. Hugdahl needs some relevant information from you about the policy, to understand her claim on the proceeds.
   Your cooperation is greatly appreciated to provide the following data, which will expedite the process.

1. The nature of the insurance, was it a Term insurance or Whole Life Insurance.?
2. Does the insured make any monthly payments to get the full benefits?
3. How much is the regular monthly premium ?
4. The total number of the monthly premiums, made by the insured?
5. The total number of monthly payments if any, made after June 22,1996..
6. The total amount of the premium payments made by the insured after June 22, 1996.
7. The date of last payment made on the policy to vest the full insurance amount.
8. What is the full insurance amount payable to the beneficiary?

   If you could provide copies of the relevant data, it would be helpful.

                                          Sincerely,

                                          Raji Rajan

Copy: Ms. Hugdahl

**Exhibit A**

# RAJI RAJAN
## ATTORNEY AT LAW
### 355 WEST OLIVE AVENUE, SUITE 101
SUNNYVALE, CA 94086

Telephone: 408-730-9492
Fax:        408-739-9687

Faxing total of one page

December 4, 2007

David L. Samuelson, Esq.           Your phone: 408-294-1111
897 Independence Avenue, Suite 2D  Your fax:   650-649-2382
Mountain View, CA 94043

Ref: Insured Jon Hugdahl
     Policy Number : 1016113
     Correspondence Number: 07910719

Dear Mr. Samuelson:

According to Marry Hugdhal, she had prior discussion with the step son about the storage, that the decision must be made by the end of November 2007. You also saw the items in the storage in the early part of November 2007. No response was received yet.

This is to inform you that the step sons will be responsible for the monthly rent, on the storage from December 1, 2007. The current monthly amount is $140.00.

You may contact for any inquiries.

Sincerely,

Raji Rajan

Copy:client ✓

Exhibit B

**RAJI RAJAN**
**ATTORNEY AT LAW**
**355 WEST OLIVE AVENUE, SUITE 101**
**SUNNYVALE, CA 94086**

Telephone: 408-730-9492
Fax:         408-739-9687

Faxing total of one page

December 7, 2007

| | |
|---|---|
| David L. Samuelson, Esq. | Your phone: 408-294-1111 |
| 897 Independence Avenue, Suite 2D | Your fax:   650-649-2382 |
| Mountain View, CA 94043 | |

Ref: Insured Jon Hugdahl
     Policy Number : 1016113
     Correspondence Number: 07910719

Dear Mr. Samuelson:

Enclosed please find the data for the expenses related to the funeral and last illness.

You may contact for any inquiries.

Sincerely,

Raji Rajan

Copy:client

Exhibit C

DECLARATION OF MARRY HUGDAHL

    I am the widow of my late husband Jon S.hugdahl. We got married in June 1996, and we were married to each other till his death in 2007. We had a good married life for 11 years. My husband was retired and he took care of the financial aspects of our married life. I was working full time during our marriage and I still continue to work full time.
    He had made the old Trust as the beneficiary for the insurance proceeds.
    In 1997 my husband prepared a new Revocable Living Trust with the help of an attorney making himself and me as the Trustees of the new Trust. Since my late husband was managing the financial aspects, and I was more involved in taking care of my husband during his illness, I did not know that the new Trust was not executed.
    My late husband has two sons. I never saw them visiting their father even when the father was ill during the 11 years, in spite of the fact that they knew about the poor health condition of their father. I informed the sons about the death of their father and I purchased plane tickets for them to come to California to pay the last respects for their father. I was happy that they could at least attend the last rites of their father.
    My husband was a good man. I was lucky to put my full attention to take good care of him during his illness, without the help from anybody. I continue to live in the same mobile home with his cherished memories. I was with my late husband physically emotionally and lovingly supporting all his needs until his death.
    We had the understanding that I must possess all the finances in our control.

 I feel that I deserve getting the full insurance proceeds to fulfill the wishes of my late husband.
    I swear that the foregoing statement are true and correct to the best of my knowledge under the laws of the State of California.

March 17, 2008

                                                Marry Hugdahl

Exhibit D

# HUGDAHL LIVING TRUST

For The Benefit

of

The Family

of

JON STEWART HUGDAHL and MARRY CICILY HUGDAHL

Prepared by the Law Offices
of
Carl L. Dimeff, Attorney at Law
**(800) 454-1500 or (800) 875-7439**

Exhibit E

# INFORMATION SHEET

## FOR THE

# HUGDAHL LIVING TRUST

Please note that the following information is provided for your convenience only. This sheet is not part of your TRUST.

Name of TRUST:  THE HUGDAHL LIVING TRUST

Name of CREATORS:  JON STEWART HUGDAHL and MARRY CICILY HUGDAHL.

Initial TRUSTMANAGERS:  JON STEWART HUGDAHL and MARRY CICILY HUGDAHL.

Successor TRUSTMANAGERS:  In the event of incapacity or death of either Jon Stewart Hugdahl or Marry Cicily Hugdahl, the other shall serve as sole TRUSTMANAGER.   Since this is a Qualified Domestic Trust, there must always be a United States citizen or a domestic corporation acting as either the sole TRUSTMANAGER or as a CO-TRUSTMANAGER. Upon the death of both Jon Stewart Hugdahl and Marry Cicily Hugdahl, the following person(s) shall serve as Successor TRUSTMANAGER(S):

JON CHARLES HUGDAHL
PAUL ANDREW HUGDAHL

Once you have executed your TRUST and ancillary documents, you must transfer your existing titled assets into the name of your TRUST. Most people only own Community Property assets. However, some married couples have separate property in addition to community property.  Whenever transferring existing COMMUNITY PROPERTY assets or when purchasing additional COMMUNITY PROPERTY assets in the future, use the following as the complete name of your TRUST:

**Jon Stewart Hugdahl and Marry Cicily Hugdahl, Co-Trustees or their Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**

If you are transferring SEPARATE PROPERTY assets owned by Jon Stewart Hugdahl, use the following:
**Jon Stewart Hugdahl, Trustee or his Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**

If you are transferring SEPARATE PROPERTY assets owned by Marry Cicily Hugdahl, use the following:
**Marry Cicily Hugdahl, Trustee or her Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**
(For the dates above, fill in the date that you actually sign your TRUST documents. This becomes the legal date that you create your TRUST.) Also, be sure to list all assets on Schedule "A" with the appropriate ownership designation.)

If you ever have any questions, please call TOLL FREE at (800) 454-1500 or (800) 875-7439.

Exhibit E

**VERIFICATION**

I am the defendant in this matter. I have read the foregoing Case Management Conference Statement and know the contents thereof. It is true to the best of my knowledge, and on the basis of records and factual information. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

March 17, 2008, SUNNYVALE, CA 94086.

*/s/ Marry C. Hugdahl/*
MARRY C. HUGDAHL

PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

I am a resident of the State of California, I am over the age of eighteen years and not a party to the within action; my business address is 355 West Olive Avenue, Suite 101, Sunnyvale, CA 94086.

On the date executed below. I served the within copies of the CASE MANAGEMENT CONFERENCE STATEMENT on the parties in the said action by mailing the documents, addressed as follows:

David L. Samuelson, Esq.
897 Independence Avenue, Suite 2D
Mountain View, CA 94043

Chris Ferry, Esq..
Kelly, Herlihy and Klein
44 Montgomery Street, Suite 2500
San Francisco, CA 94101-4602

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/21/08     at Sunnyvale, CA 94086

*/s/ Raji Rajan/*
Raji Rajan