RAJI RAJAN, ESQ., CSB#139834
LAW OFFICES OF RAJI RAJAN
355 WEST OLIVE AVENUE, SUITE 101
SUNNYVALE, CA 94086
Telephone: 408-730-9492
Fax:        408-739-9687

Attorney for Marry C. Hugdahl


# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANNUITY & LIFE REASSURANCE AMERICA INC. (formerly known as CAPITOL BANKERS LIFE INSURANCE COMPANY), ) ) ) ) | CASE NO.: C 07 5502 |
| Plaintiff, ) | CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. ) | DATE: 05/02/08 |
| ) | TIME:10.30.00am |
| JON C. HUGDAHL, an individual and ) | DEPT.3, 5TH FLOOR |

ANNUITY & LIFE REASSURANCE
AMERICA INC. (formerly known as
CAPITOL BANKERS LIFE INSURANCE
COMPANY),                                    )
                                             )
          Plaintiff,                         )
     vs.                                     )
                                             )
JON C. HUGDAHL, an individual and            )
TRUSTEE of the JON S. HUGDAHL                )
FAMILY TRUST, dated 12/19/94;                )
PAUL A. HUGDAHL, an individual; and          )
MARRY C. HUGDAHL an individual,              )
                                             )
          Defendants.                        )
_____/

CASE NO.: C 07 5502

CASE MANAGEMENT
CONFERENCE STATEMENT
DATE: 05/02/08
TIME:10.30.00am
DEPT.3, 5TH FLOOR


## STATEMENT OF FACTS

The issue before the court is to distribute the insurance proceeds of the decedent  with

Annuity and Life Reassurance America. Inc. for the amount of about $102,000.00.

The decedent  JON S. HUGDAHL was married to MARRY HUGDAHL  from June

**1996 till his death in  June 2007. The marital duration was for 11 years.**

The decedent started the life insurance policy in December 1982. As per the data from the insurance company, no premium was paid from the year 1987 to the year 2001. There were payments on 11/18/2002 for the amount of $107.80, on 11/25/2003 for the amount of $303.40, on 11/23/2004 for the amount of $612.70, on 11/23/2005 for the amount of $612.75, and on 11/27/2006 for the amount of $612.75. The copy of the document from, the insurance company is attached here as **Exhibit A.**

The decedent had executed the HUGDAHL FAMILY TRUST before the marriage to MARRY HUGDAHL, and named that TRUST as the beneficiary to the insurance proceeds. After his marriage to MARRY HUGDAHL, he prepared a new TRUST in the year 1997, and named himself and MARRY HUGDAHL as the trustees, but due to illness he could not execute the document.

## LEGAL ISSUES TO BE RESOLVED

1.    Marry Hugdahl kept the items in the storage for the benefit of the sons of her late husband. Either the sons have to take possession of the items or the items must be disposed.

2.    The last illness and funeral expenses of the insured must be paid.

3.    The balance of the entire insurance proceeds must be paid to the widow of the decedent.

1.        **STORAGE ISSUE**:

Marry Hugdahl had informed the sons about the items in the storage numerous times and she shad been incurring storage rent. The monthly rent is $140.00.

Marry Hugdahl tried to resolve the issue about the storage, but did not get any reply

from the sons yet. Copy of the letter dated December 4, 2007, is attached herewith as **Exhibit B**. No response was received from the opposing side on that issue.   Marry Hugdahl incurred **$840.00** for the 6 months from November 2007 till March 2008. In the month of February, she received  a check payable to the storage company, for the amount of $140.00.   It is hereby requested for a court order to close the storage and dispose the items in the storage.

2.              **EXPENSES FOR THE LAST ILLNESS AND FUNERAL**:

Copies of all the documents related to the expenses were mailed to the attorney for the sons on December 7, 2007.  The copy of the cover letter is attached herewith as **Exhibit C**. The copies of the documents  related to the expenses can be provided to court also if needed.     No response was received from the opposing side on that issue.  The total amount for that expenses is **$12,165.40**.

3.        **DIVISION OF THE BALANCE OF THE  PROCEEDS**

The insurance policy was taken on December 1982 and became payable in June 2007, with the duration of 24.5 years. The decedent changed the beneficiary of the insurance policy on January 31, 1995,  from the sons to the Revocable Trust dated December 19, 1994. The decedent married Ms. Hugdahl in  June 1996, and was married to Ms. Hugdahl till his death in 2007, with the marital duration of 11 years. They had a good married life. According to Ms. Hugdahl, there was minimum communication from the sons of the decedent during his life time.  The declaration of Marry Hugdahl is attached herewith as **Exhibit D**.

The decedent  prepared a new Trust, with making himself and Marry Hugdahl as

the Trustees, but due to illness of the decedent, they overlooked to execute the new Trust. The first two pages of that Trust is attached herewith as **Exhibit E.** The decedent had the intention to give all his property to his widow, and so, the full insurance proceeds must be awarded to her.    If the court feels that the amount must be divided, considering the community and separate property interests on the proceeds, MARRY HUGDAHL must get the entire community property interest of 11/24.5 of the proceeds, because the decedent maintained the policy with community funds.

MARRY HUGDAHL also must get her share of the separate property interest in the insurance proceeds of of the decedent also, at least half of the separate property.

As per the Probate Code section 21610.
Except as provided in Section 21611, if a decedent fails to
provide in a testamentary instrument for the decedent's surviving
spouse who married the decedent after the execution of all of the
decedent's testamentary instruments, the omitted spouse shall receive
a share in the decedent's estate, consisting of the following
property in said estate:
(a) The one-half of the community property that belongs to the
decedent under Section 100.
(b) The one-half of the quasi-community property that belongs to
the decedent under Section 101.
A share of the separate property of the decedent equal in
value to that which the spouse would have received if the decedent
had died without having executed a testamentary instrument, but in no
event is the share to be more than one-half the value of the
separate property in the estate.

## CLAIMS OF MARRY HUGDAHL

1.  MARRY HUGDAHL incurred $840.00 for the storage from November 1, 2007 till April 1, 2008. It is hereby requested for the court order for the payment of **$840.00** from the sons and to close the storage and dispose the items in the storage immediately.

2.  MARRY HUGDAHL incurred $12,165.40 for the last illness of the decedent.. It is hereby requested for the payment of **$12,165.40** from the insurance proceeds.

1

2

3   3.  The balance of the entire amount from the insurance proceeds $101,370.00-

12,165.00:**$89,205.00**, must be awarded to MARRY HUGDAHL.

4   4.  What ever the court deems proper as to the attorney fees due to non cooperation and

5   delay from the opposing side.

6   Dated: April 14, 2008

7                                      Raji Rajan
                                       Attorney for Marry Hugdahl

8

9   **VERIFICATION**

10      I am the defendant in this matter.  I have read the foregoing Case Management
    Conference Statement  and know the contents thereof.  It is true to the best of my knowledge,
11  and on the basis of records and factual information. I declare under penalty of perjury under the
    laws of the State of California that the foregoing is true and correct.
12

13  April 14, 2008. SUNNYVALE. CA 94086.

14                                     **MARRY C. HUGDAHL**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**Annuity And Life Reassurance America, Inc.**
**1275 Sandusky Rd   Jacksonville, IL  62650-2030**

NAME:                          Jon Hugdahl                    TODAY'S DATE :        3/27/2008
POLICY NUMBER:                 1016113

There were no premiums paid from 1987 to 2001.

| DATE | PREMIUMS |
|------|----------|
| 12/7/2007 | $    170.80 |
| 11/18/2002 | $    107.80 |
| 11/25/2003 | $    303.40 |
| 11/23/2004 | $    612.70 |
| 11/15/2005 | $    612.75 |
| 11/27/2006 | $    612.75 |

Exhibit A

# RAJI RAJAN
## ATTORNEY AT LAW
### 355 WEST OLIVE AVENUE, SUITE 101
SUNNYVALE, CA 94086

**Telephone: 408-730-9492**

**Fax:      408-739-9687**

**Faxing total of one page**

**December 4, 2007**

David L. Samuelson, Esq.                    Your phone:408-294-1111
897 Independence Avenue, Suite 2D           Your fax:    650-649-2382
Mountain View,  CA 94043

Ref: Insured Jon Hugdahl
     Policy Number : 1016113
     Correspondence Number: 07910719

Dear Mr. Samuelson:

     According to Marry Hugdhal, she  had prior discussion with the step son about the storage, that the decision must be made by the end of November 2007. You also saw the items in the storage in  the early part of November 2007. No response was received yet.

     This is to inform you that the step sons will be responsible for the monthly rent, on the storage from December 1, 2007. The current monthly amount is $140.00.

     You may contact for any inquiries.

                                        Sincerely,


Copy:client                             Raji Rajan


                                        Exhibit B

# RAJI RAJAN
## ATTORNEY AT LAW
### 355 WEST OLIVE AVENUE, SUITE 101
### SUNNYVALE, CA 94086

**Telephone: 408-730-9492**
**Fax:**      **408-739-9687**

**Faxing total of one page**

**December 7, 2007**

David L. Samuelson, Esq.                    Your phone:408-294-1111
897 Independence Avenue, Suite 2D           Your fax:    650-649-2382
Mountain View, CA 94043


Ref: Insured Jon Hugdahl
    Policy Number : 1016113
    Correspondence Number: 07910719

Dear Mr. Samuelson:

    Enclosed please find the data for the expenses related to the funeral and last illness.

    You may contact for any inquiries.


                                 Sincerely,

                                 Raji Rajan

Copy:client


Exhibit C

DECLARATION OF MARRY HUGDAHL

I am the widow of my late husband Jon S.Hugdahl. We got married in June 1996, and we were married to each other till his death in 2007. We had a good married life for 11 years. My husband was retired and he took care of the financial aspects of our married life. I was working full time during our marriage and I still continue to work full time.

He had made the old Trust as the beneficiary for the insurance proceeds.

In 1997 my husband prepared a new Revocable Living Trust with the help of an attorney making himself and me as the Trustees of the new Trust. Since my late husband was managing the financial aspects, and I was more involved in taking care of my husband during his illness, I did not know that the new Trust was not executed.

My late husband has two sons. I never saw them visiting their father even when the father was ill during the 11 years, in spite of the fact that they knew about the poor health condition of their father. I informed the sons about the death of their father and I purchased plane tickets for them to come to California to pay the last respects for their father. I was happy that they could at least attend the last rites of their father.

My husband was a good man. I was lucky to give my full attention to take good care of him during his illness, without the help from anybody. I continue to live in the same mobile home with his cherished memories. I was with my late husband physically and emotionally. I lovingly supported all his needs until his death.

We had the understanding that I must possess all the finances in our control.

**I feel that I deserve to get the full insurance proceeds to fulfill the wishes of my late husband.**

I swear that the foregoing statement are true and correct to the best of my knowledge under the laws of the State of California.

April 14, 2008

Marry Hugdahl

Exhibit D

# HUGDAHL LIVING TRUST

For The Benefit

of

The Family

of

## JON STEWART HUGDAHL  and  MARRY CICILY HUGDAHL

Prepared by the Law Offices
of
Carl L. Dimeff, Attorney at Law
(800) 454-1500 or (800) 875-7439

Exhibit E

### INFORMATION SHEET

## FOR THE

# HUGDAHL LIVING TRUST

Please note that the following information is provided for your convenience only. This sheet is not part of your TRUST.

Name of TRUST:  THE HUGDAHL LIVING TRUST

Name of CREATORS:  JON STEWART HUGDAHL and MARRY CICILY HUGDAHL.

Initial TRUSTMANAGERS:  JON STEWART HUGDAHL and MARRY CICILY HUGDAHL.

Successor TRUSTMANAGERS:  In the event of incapacity or death of either Jon Stewart Hugdahl or Marry Cicily Hugdahl, the other shall serve as sole TRUSTMANAGER.   Since this is a Qualified Domestic Trust, there must always be a United States citizen or a domestic corporation acting as either the sole TRUSTMANAGER or as a CO-TRUSTMANAGER.  Upon the death of both Jon Stewart Hugdahl and Marry Cicily Hugdahl, the following person(s) shall serve as Successor TRUSTMANAGER(S):

JON CHARLES HUGDAHL
PAUL ANDREW HUGDAHL

Once you have executed your TRUST and ancillary documents, you must transfer your existing titled assets into the name of your TRUST. Most people only own Community Property assets.  However, some married couples have separate property in addition to community property.  Whenever transferring existing COMMUNITY PROPERTY assets or when purchasing additional COMMUNITY PROPERTY assets in the future, use the following as the complete name of your TRUST:

**Jon Stewart Hugdahl and Marry Cicily Hugdahl, Co-Trustees or their Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**

If you are transferring SEPARATE PROPERTY assets owned by Jon Stewart Hugdahl, use the following:

**Jon Stewart Hugdahl, Trustee or his Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**

If you are transferring SEPARATE PROPERTY assets owned by Marry Cicily Hugdahl, use the following:

**Marry Cicily Hugdahl, Trustee or her Successors in Trust, under the Hugdahl Living Trust dated _____ and any amendments thereto.**

(For the dates above, fill in the date that you actually sign your TRUST documents.  This becomes the legal date that you create your TRUST.)  Also, be sure to list all assets on Schedule "A" with the appropriate ownership designation.)

If you ever have any questions, please call TOLL FREE at (800) 454-1500 or (800) 875-7439.

Exhibit E

PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

I am a resident of the State of California. I am over the age of eighteen years and not a party to the within action; my business address is 355 West Olive Avenue, Suite 101, Sunnyvale, CA 94086.

On the date executed below, I served the within copies of the CASE MANAGEMENT CONFERENCE STATEMENT on the parties in the said action by mailing the documents, addressed as follows:

David L. Samuelson, Esq.
897 Independence Avenue, Suite 2D
Mountain View, CA 94043

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/ 15 /08        at Sunnyvale, CA 94086

Raji Rajan